AO 91 (Rev. 11/11)  Criminal Complaint

| | | | |
|---|---|---|---|
| AUSA: | Myra Din | Telephone: | (313) 226-9100 |
| Special Agent: | Michael Parsons | Telephone: | (313) 202-3400 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
    v.

Dymarion Sharquere JACKSON

Case No.    Case: 2:22−mj−30462
Assigned To : Unassigned
Assign. Date : 10/24/2022
CMP USA V JACKSON (LH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 8, 2022__ in the county of __Washtenaw__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute a Controlled Substance |
| 18 U.S.C. 922(g)(1) | Felon in possession of a firearm |
| 18 U.S.C. § 922(g)(1) | Use of firearm in furtherance of a drug-trafficking crime |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent  Michael Parsons -  ATF
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __October 24, 2022__

_____
*Judge's signature*

City and state: __Detroit, Michigan__     Honorable Anthony P. Patti,  U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Michael S. Parsons, being duly sworn, do hereby state the following:

### I. INTRODUCTION

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have been a Special Agent since September of 2000. I have been involved in numerous investigations regarding firearms, firearms licensing, and federal narcotics laws.

2. The statements contained in this affidavit are based on my personal knowledge, my review of written police reports by the Washtenaw County Sheriff's Office (WCSO), and information provided to me by and/or through other law enforcement agents, investigators, and individuals with knowledge of this matter.

3. This affidavit does not provide all the information known to law enforcement about this investigation. This affidavit provides information necessary to establish probable cause that Dymarion JACKSON (XX/XX/1998) has violated 21 U.S.C. § 841(a)(1) – Possession With Intent to Distribute a Controlled Substance; 18 U.S.C. § 922(g)(1) –

Prohibited Person in Possession of a Firearm; and 18 U.S.C. § 924(c) – Use of Firearm in Furtherance of a Drug-Trafficking Crime.

## II. PROBABLE CAUSE

4. On August 31, 2022, defendant Dymarion JACKSON—who was on bond in Washtenaw County for two recent charges—removed his tether after fleeing a WCSO Deputy's traffic stop earlier that day.

5. On September 1, 2022, WCSO Deputies obtained a state search warrant for JACKSON's cell phone—specifically for E-911 Phase II data, also known as "Real-Time Location Information" and/or "Pings."

6. On September 8, 2022, WCSO Deputies, while using those pings, believed JACKSON to be around the intersection of East Michigan Drive and Ecorse Drive in Ypsilanti Township, Michigan. WCSO Deputies stopped at Harmony House Motel, located in the same area as JACKSON's cell phone pings, to speak with the Motel Manager.

7. While there, Deputies observed an individual matching JACKSON's description get into a red Honda with a Florida license plate. Deputies followed the red Honda and initiated a traffic stop, in part because of his illegal window tinting. But the vehicle ignored the Deputies and continued driving.

8. The car drove at the same speed for a short distance before accelerating on Michigan Ave to 80 miles per hour in a 50 miles per hour zone. As the car approached Harris Road, it drove into the oncoming traffic lane and then turned northbound onto Harris Road, running through a red traffic signal.

9. The car then continued north on Harris Road, crossing the double yellow lines to pass a vehicle. At this time, it was travelling at 80 miles per hour in a 25 miles per hour zone. The car then turned westbound onto Forest Avenue, running through a red stop sign. The vehicle then continued west on Forest Avenue, through Prospect Road and River Road.

10. At times during this case, the car travelled at 109 miles per hour in a 35 miles per hour zone; and at other times, it travelled at 89 miles per hour in a 25 miles per hour zone. At one point, the car turned south onto Market Place, travelling at 60 miles per hour in a 25 miles per hour zone. At this time, the car's front, left tire began to smoke.

11. The car nevertheless continued south on Market Place, until the tire popped. The car then turned west onto Cross Street, running through a stop sign.

12. At this time, the front passenger tire control arm broke and the vehicle abruptly stopped. Immediately after the car stopped, JACKSON exited the car and fled from the Deputies on foot.

13. Several Deputies then exited their patrol car and pursued JACKSON on foot. During the foot chase, deputies continuously yelled, "Police Stop!" Eventually, the Deputies were able to catch JACKSON and take him into custody.

14. They later searched JACKSON's car and found a Taurus Model G3c, 9mm caliber pistol in the driver's side front door counsel. The gun contained a large-capacity magazine, as it was loaded with seventeen rounds in the magazine and one round in the chamber.

15. They also recovered one knotted bag of suspected crack cocaine, one knotted bag of suspected heroin, one jar and two large bags of marijuana, one large bag of yellow pills, one small bag of multi-colored pills suspected to fentanyl, $5,758 dollars in U.S. currency, and two cellular phones.

16. Later, Ann Arbor Police Detective Cory Pitt conducted a TruNarc scan of the approximately 3 grams of suspected crack cocaine,

approximately .3 grams of suspected heroin, and the approximately 9 grams of multi-colored pills seized from JACKSON.

17. The suspected crack cocaine scanned positive for cocaine base, the suspected heroin scanned positive for fentanyl and the multi-colored pills also scanned positive for fentanyl.

18. Based on my training and experience, the quantity and appearance of the fentanyl recovered, the quantity and denominations of cash comprising the $5,758, and the multiple cell phones lead me to believe that JACKSON possessed with the intent to distribute fentanyl, a schedule II-controlled substance.

19. Based on my training and experience, JACKSON's firearm furthered his drug-trafficking activities. The pistol was strategically located so that it was quickly and easily available for use. The pistol was loaded and ready to fire with a round in the chamber. The firearm allowed JACKSON, if necessary, to protect not only the drugs but also the proceeds from his drug sales. And the firearm was found in close proximity to the fentanyl that was in the car.

20. At the time JACKSON was arrested, he was a felon, he had documentation reflecting that he knew he was a felon, and therefore

probable cause exists that JACKSON knew, at the time he possessed the firearm, that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

21. For example, my criminal-history check on JACKSON revealed that he has been convicted of the following offenses:

    a. On April 05, 2017, JACKSON plead guilty in Ingham County 30th Circuit Court to one count of Unarmed Robbery.

    b. On March 17, 2017, JACKSON plead guilty in Wayne County 3rd Circuit Court to one count of Financial Transaction Device – Stealing/Retaining Without Consent and one count of Police Officer – Assaulting/Resisting/Obstructing.

    c. On July 02, 2018, JACKSON plead guilty in Gratiot County 29th Circuit Court to one count of Police Officer – Fleeing – Third Degree – Vehicle Code and one count of Malicious Destruction Fire/Police Property.

22. I am also an expert in the Interstate Nexus of Firearms. The Taurus Model: G3c, 9mm caliber pistol, recovered from the car, was manufactured outside the State of Michigan, and therefore travelled in and affected interstate commerce.

### III. CONCLUSION

Probable cause exists that Dymarion JACKSON, while in Washtenaw County, located in the Eastern District of Michigan, knowingly possessed the above-described firearm and violated 18 U.S.C. § 922(g)(1) – Prohibited Person in Possession of a Firearm, 18 U.S.C. § 924(c) – Use of Firearm During Drug-Trafficking Crime, and 21 U.S.C. § 841(a)(1) – Possession With Intent to Distribute a Controlled Substance.

Respectfully submitted,

_____
Michael S. Parsons, Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

_____
HON. ANTHONY P. PATTI    October 24, 2022
UNITED STATES MAGISTRATE JUDGE

-7-